# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

PAMELA D. SAULSBERRY                                                      PLAINTIFF

v.                                                              NO.: 3:13CV132-MPM-SAA

ADAMS AND EDENS, P.A., ET AL.                                            DEFENDANTS

## ORDER

This cause comes before the court on defendants' motion to dismiss [Doc. 15]. The plaintiff has not responded. The court, having considered the memoranda submitted and the relevant law, is prepared to rule.

Plaintiff, Pamela Saulsberry, brings this suit under 42 U.S.C. § 1983 and § 1985 against multiple defendants seeking $7,000,000.00 sum certain in U.S. silver dollars and/or .99 pure gold or silver coin/bullion and compensatory and punitive damages.[1]

Plaintiff's complaint contains a litany of allegations which, among others, are: constitutional violations, civil rights violations, RICO Act violations, and violations of tax laws in regards to the foreclosure of her home. However, the complaint is riddled with legal conclusions, general principles of inapplicable law, and is void of substantial factual and legal allegations that give rise to a cause of action in this court.

Plaintiff financed the purchase of certain property located in Horn Lake, Mississippi by virtue of a Promissory Note and Deed of Trust. Plaintiff subsequently defaulted on the Note and Deed of Trust and the property was foreclosed on May 28, 2013.[2]

---

[1] The plaintiff is *pro se* and the court liberally construes the complaint and gives deference to the plaintiff in her filings. Attorney Heidi Milam filed a notice of bankruptcy on behalf of plaintiff on November 15, 2013, but it appears to the court that this notice was only related to the bankruptcy action and not for representation in this matter.

[2] Due to the nature of plaintiff's complaint and the numerous allegations and factual basis for such, the court forgoes a detailed recital of the applicable facts alleged in this matter.

Defendants have timely filed an answer and affirmative defenses to plaintiff's complaint along with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint that merely "tenders naked assertions devoid of further factual enhancement" will not suffice under Rule 12(b)(6). *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks, alterations and citation omitted).

The pleadings in this case are not "enough to raise a right to relief above the speculative level" as to all defendants. *Twombly*, at 555. The court, reading the complaint in the light most favorable to plaintiff, finds that it fails to allege any cognizable claim and is conclusory and incomprehensible. Accordingly, all defendants are dismissed with prejudice. A separate order shall be issued pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED this the 5th day of June, 2014.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**